**SUSAN MARTIN**  (*Pro Hac Vice*)
**JENNIFER KROLL**  (*Pro Hac Vice*)
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

**KATHLEEN J. ENGLAND (NV Bar No. 206)**
**ENGLAND LAW OFFICE**
630 South Third Street
Las Vegas, NV 89101
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
kengland@englandlawoffice.com

**MICHAEL D. LORE**  (*Pro Hac Vice*)
**MICHAEL D. LORE P.C.**
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone: (713) 782-5291
mlore@lorefirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Donald Allbaugh, on behalf of himself and all others similarly situated,<br><br>       Plaintiffs,<br>v.<br><br>California Field Ironworkers Pension Trust; Board of Trustees of the California Field Ironworkers Pension Trust, Plan Administrator of the California Field Ironworkers Pension Trust,<br><br>       Defendants. | Case No.: 2:12-cv-00561-GMN-GWF<br><br>STIPULATED CONFIDENTIALITY ORDER |

Pursuant to Fed.R.Civ.P. 26(c), Plaintiff Donald Allbaugh by and through undersigned counsel and Defendants California Ironworkers Field Pension Trust, and Board of Trustees of the

California Ironworkers Field Pension Trust, Plan Administrator of the California Ironworkers Field Pension Trust by and through undersigned counsel hereby stipulate and request that the Court enter the following protective order to protect the personal and confidential information of individuals whose benefit information may be disclosed in discovery in this action.

## STIPULATION

1. <u>Proceedings and Information Governed</u>.  This Stipulation, and Court's Order thereon, will govern any document, information, or other thing furnished or produced by any party to this action, including by plaintiff Donald Allbaugh ("Plaintiff"), and Defendants California Ironworkers Field Pension Trust, and Board of Trustees of the California Ironworkers Field Pension Trust, Plan Administrator of the California Field Ironworkers Field Pension Trust (collectively "Defendants"), and by third parties, to any other party in connection with this action, including Plaintiff or Defendants, which may be produced in this action and designated by the producing party as "Confidential" information or material as defined below.  The information that may be designated "Confidential" includes, but is not limited to, information produced in connection with Federal Rule of Civil Procedure 26, information contained in responses to demands for identification and production of documents or other things; responses to special interrogatories; deposition testimony and exhibits, including any documents or other information or materials that may be produced prior, or subsequent, to any depositions; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

2. <u>"Confidential" Information or Material Defined</u>.  For purposes of this Stipulation, and Court's Order thereon, "Confidential" information or material will mean all information or material that:

   a. Is produced for or disclosed to a receiving party (Plaintiff or Defendants); and

   b. A party (Plaintiff or Defendants) reasonably and in good faith believes to constitute or contain Personal Information, trade secrets or otherwise constitutes business proprietary and/or confidential material, or other confidential research, development, or commercial information, whether embodied in physical objects, documents, or other factual

- 2 -

1  knowledge of persons, and specifically shall include but not necessarily be limited to, financial
2  data, consumer surveys, marketing studies, databases of business contacts, databases of business
3  document templates, policies, procedures, rules and regulations, bulletins, memoranda, training
4  materials, and any and all writings reflecting same.  "Personal Information" means sensitive
5  personal information about an individual, including but not limited to such information as
6  medical information, date of birth, home address, social-security number, taxpayer identification
7  number, financial account and/or brokerage account numbers, mother's maiden name, racial or
8  ethnic origin, social security numbers, and/or benefit calculation information relating to
9  compensation and the amount of benefit; and
10              c.      Has been designated as "Confidential" information or material by a
11  producing party in compliance with Paragraph 3 of this Stipulation, and Court's Order thereon,
12  and in advance of its production.
13      3.      <u>Designation of "Confidential" Information or Material</u>.  Any party may designate
14  "Confidential" information or material by stamping or affixing to the physical objects,
15  documents, discovery responses, or deposition transcripts a stamp or other inscription that states:
16  "Confidential."
17      For written material, documents, or other tangible items, the designation of any particular
18  page of written material shall mean that all information contained on that page is designated
19  "Confidential" unless otherwise indicated.  To the extent possible, such designation shall be
20  made so as not to interfere with the content of any such written material.
21      In the event that a Producing Party produces files and records in electronic form, the
22  Producing Party shall simultaneously provide a schedule of such files and records containing a
23  designation of those which contain Confidential Information.  In the event that any such files or
24  records are thereafter printed out in hard copy by the receiving party, the receiving party shall
25  mark those documents printed with a label or other method of designation consistent with the
26  documents' status with this Stipulation and Court's Order thereon.
27      For information not reduced to written material, document, or other tangible item, or
28  information that can not be conveniently designated as set forth in this paragraph, any party may

designate the confidential information by giving written notice to the receiving party at the time the confidential information is produced.  The written notice must clearly identify that part of the information being produced that is designated as "Confidential."

4. <u>Party's Own Information</u>.  The restrictions on the use of "Confidential" information or material established by this Stipulation, and Court's Order thereon, apply only to the use by a party of "Confidential" information or material received from another party to this action, or from a non-party to this action, and shall not apply to the use by a party of her/its own information.

5. <u>Persons Authorized to Receive Confidential Information and Material</u>.    For purposes of this Stipulation, and Court's Order thereon, the term "qualified recipient" of information and material that has been designated pursuant to the terms of this Stipulation, and Court's Order thereon, shall mean:

(a) The named parties to this action, including officers, directors, insurers, and other employees of the party to whom disclosure of confidential information is deemed necessary by that party for purposes of this action only;

(b) The attorneys of record in this action, attorneys employed in-house by or on behalf of the parties, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action;

(c) Any persons to whom the Court in this action orders that disclosures may be made.

(d) Any other person with prior written consent of the designating party.

(e) Outside experts and consultants retained for the purpose of assisting in the preparation of this action or for the purpose of testifying by deposition or at the trial of this matter; provided, however, that prior to disclosing any Confidential Material to any such expert or consultant, the party intending to disclose shall obtain from each such person his or her signature to this Order agreeing to be bound by the provisions of this Stipulation and Court's

1  Order thereon.  An original of each such consent agreement executed pursuant to this paragraph
2  is to be retained by  counsel of record for the party intending to disclose the Confidential
3  Material;  and
4        (f)      The participant, retiree or beneficiary or their authorized representatives
5  may review their own Personal Information designated as confidential information.
6      Each person to whom disclosure of confidential information is made agrees to be subject
7  to the jurisdiction of this Court solely for purposes of proceedings relating to that person' s
8  performance under, compliance with, or violation of any Order entered by this Court in
9  connection with this Stipulation, and Court's Order thereon.
10      6.    <u>Challenges to and Removal of "Confidential" Designation</u>.  Nothing in this
11  Stipulation, and Court's Order thereon, shall preclude any party from challenging a designation
12  of any information or material as "Confidential" by any party.  If designated by a party as
13  "Confidential," information and material will be so treated for all purposes, and shall continue to
14  be treated as "Confidential" unless and until the Court rules to the contrary.
15      Any party may challenge or object to the designation as "Confidential" of any
16  information and material and/or seek removal of particular items of "Confidential" information
17  or material by giving counsel for all other parties written notice of her/ its intent to seek
18  removalon or before the date the final pretrial disclosures are due, , which notice shall specify the
19  items of "Confidential" information and material for which removal is sought.  The written
20  notice shall have attached a copy of such designated material or shall identify each subject
21  document by production number or deposition page and shall state that the receiving party
22  objects to the designation.  Counsel for the objecting party shall then initiate a conference in
23  good faith in an effort to resolve any dispute concerning such designation.  Counsel for the
24  designating party shall have fourteen (14) days from the date of service of the objection to
25  provide any reasons for justifying the designation.
26      If the objection cannot be resolved by agreement within twenty-one (21) days of the date
27  of service of the objection, the party objecting to the "Confidential" designation, may make a
28  motion to the Court, subject to the rules applicable to motions generally, to declassify such

1   information. No party to the action shall be deemed by treating information and/or material as
2   "Confidential" to have conceded that the information actually is "Confidential," however, the
3   party claiming classification of any information designated as "Confidential," shall have the
4   burdens of proof and persuasion on said issue.

5   For purposes of this Stipulation, and Court's Order thereon, "receipt" of an objection
6   made pursuant to this paragraph shall mean on completion of transmission, if service is made by
7   facsimile, on delivery, if service is made personally, two days after mailing, if service is made by
8   express mail or other means of overnight delivery, and three days after the date of mailing, if
9   service is made by regular mail.

10  7.   Use of "Confidential" Information or Material.  Any information or material
11  designated as "Confidential" will be handled by the receiving party in accordance with the terms
12  of this Stipulation, and Court's Order thereon. Any "Personal Information" or material
13  exchanged with be handled and treated by the receiving party in accordance with the terms of the
14  Stipulation, and the Court's Order thereon. Information and material designated as
15  "Confidential" will be held in confidence by the receiving party, will be used by each receiving
16  party for purposes of this action and trial only and not for any business, competitive or other
17  purpose unless agreed to in writing in advance by all parties to this action or as authorized by
18  further Order of the Court, and will not be disclosed to, or the substance discussed with, any
19  person who is not a qualified recipient.

20  8.   Copies of "Confidential" Information or Material.  Nothing in this Stipulation, or
21  Court's Order thereon, shall prevent or otherwise restrict a qualified recipient from making
22  working copies, abstracts, summaries, digests and analyses of "Confidential" information or
23  material for use in connection with this action. All working copies, abstracts, summaries, digests
24  and analyses will also be considered "Confidential" under the terms of a Court's Order
25  approving this Stipulation.

26  9.   Transmission of "Confidential" Information or Material.  Nothing in this
27  Stipulation, and Court's Order thereon, shall prevent or otherwise restrict the transmission or
28  communication of "Confidential" information or material between or among qualified recipients

- 6 -

1  of such material.

2  10. <u>Sealing of Documents</u>.  Any party seeking to file with the court pleadings, motions, or other documents that contain or annex "Confidential" information or material is required to file a motion or application with the court to seal such records and to take whatever other and further steps are necessary and required by the Court to comply with the requirements of this paragraph and to file such pleadings, motions, or other documents under seal and in accordance with United States District Court, District of Nevada, Local Rule 10-5.  This Stipulation, and Court's Order thereon, is not intended to govern any trial in this action and any question concerning the admissibility or use of confidential information at trial shall be addressed by further Court Order.

11. <u>Court Proceedings</u>.  Pleadings, motions, or other documents to be filed with the Court in this action that contain or annex "Confidential" information must be filed under seal and in accordance with Paragraph 10 to this Stipulation, and Court's Order thereon.  Any court hearing or other proceeding that refers to or describes "Confidential" information will be held in camera in the Court's discretion.

12. <u>Testimony</u>.  Notwithstanding any provision of this Stipulation, and Court's Order thereon, to the contrary, any person may be examined as a witness at deposition and may testify concerning all "Confidential" information of which the person is the author, addressee or as to which the deposing party reasonably believes the person being examined has knowledge of the document.  If the examination concerns "Confidential" information or material, the producing party will have the right to exclude from that portion of the deposition concerning the "Confidential" information or material any person other than the witness, the witness's attorney(s), and qualified recipients of the "Confidential" information or material.

If the witness and/or his or her attorney is not a qualified recipient, then before the examination commences concerning "Confidential" material, the witness and his or her attorney each may be requested to provide written confirmation that he or she will comply with the terms of this Stipulation, and Court's Order thereon, and maintain the confidentiality of the "Confidential" information or material disclosed during the course of the interview or

1  examination.  If the witness and/or his or her attorney declines to provide written confirmation
2  agreeing to the terms of the Stipulation, and Court's Order thereon, the producing party has the
3  right to adjourn the examination to promptly seek a further protective order from the Court
4  prohibiting the witness and/or his or her attorney from disclosing the "Confidential" information
5  or material.
6       Any court reporter who takes down testimony in this action, through interview,
7  examination, deposition or otherwise (collectively "deposition"), will be given a copy of this
8  Stipulation, and Court's Order thereon, and may be required to agree on the transcript of the
9  deposition, that he or she will not disclose any testimony and/or information revealed at the
10 deposition, except to the attorneys of record for the parties in this action or to such other
11 qualified recipients as the attorneys of record for the parties so designate in writing to the court
12 reporter.
13      Unless the parties reach a different agreement prior to the deposition's conclusion, and
14 upon request of any Party, the transcript, the original, and all copies of any deposition transcript,
15 and exhibits, where confidential material was referenced or will be initially considered as a
16 whole to constitute "Confidential" information subject to this Stipulation, and Court's Order
17 thereon, and will be conspicuously marked as described below.  The Party then has 20 days from
18 receipt of the transcript from the court reporter to designate any pages of the deposition transcript
19 or exhibits thereto as "Confidential."   Any disputes over this designation, in whole or in part,
20 will be resolved through the procedure and in accordance with the burden of proof designated in
21 Paragraph 6, above, for challenges to the designation as "Confidential" information.
22      Once resolved, or if no challenge is made, the reporter will promptly conform the original
23 transcript, and counsel will conform their copies of the transcript in accordance with the agreed-
24 upon or resolved designation.  The portions designated as "Confidential" will thereafter be bound
25 in a separate booklet, conspicuously marked on the cover thereof with the words
26 "CONFIDENTIAL - SUBJECT OF PROTECTIVE ORDER" and shall be treated as
27 "Confidential" information or material subject to this Stipulation, and Court's Order thereon.
28      13.     Attorneys' Actions.  Nothing in this Stipulation, and Court's Order thereon, will

bar or otherwise restrict an attorney who is a qualified recipient from:

    (a)    Rendering advice to his, her or its client with respect to this action; or

    (b)    Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation, and the Court's Order thereon, and that contain "Confidential" information.

14.    <u>No Waiver</u>.  The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, and Court's Order thereon, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, and Court's Order thereon, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

    (a)    Is or is not relevant, material, or otherwise discoverable;

    (b)    Is or is not confidential or proprietary to any party;

    (c)    Is or is not entitled to particular protection; or

    (d)    Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

In making a claim or defense as set forth in this section 14, the party must comply with the procedures described in this Stipulation and the Court's Order thereon.  This Stipulation, and Court's Order thereon, is entered without prejudice to the right of any party to apply to the Court at any time to modify the restrictions of any such Order, when convenience or necessity requires.  The procedures set forth in this Stipulation, and Court's Order thereon, will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

15.    <u>No Probative Value</u>.  This Stipulation, and Court's Order thereon, will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any "Confidential" information or material.  The fact that information or material has been designated as "Confidential" will not make it admissible during the trial of this

- 9 -

action, absent a stipulation by the parties or a ruling by the Court as to its admissibility. The fact that any information designated "Confidential" is or may be disclosed, used, or produced in discovery or at trial in this action will not prohibit any party from asserting all objections and privileges, that the information:

        (a)     Is or is not relevant, material, or otherwise admissible;

        (b)     Is or is not confidential or proprietary to any party;

        (c)     Is or is not entitled to particular protection; or

        (d)     Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

Further, a party that receives material or information in this action that is designated as "Confidential" may not use that material or information in another legal proceeding or for any other purpose than litigating the instant action, absent written consent from the disclosing party. In addition, Counsel shall attempt to agree upon procedures to protect the confidentiality of Confidential Material at any hearing or trial and if Counsel deems it necessary, prior to such hearing or trial, Counsel shall submit proposed procedures, including any disputes relating thereto, to the Court for its approval or modification.

      16.    <u>Return of Information and Materials</u>.  At the conclusion of this action, all "Confidential" information or material will, within thirty (30) days of written request of the party furnishing the information or materials, be delivered to the party that furnished the "Confidential" information and material. All "Confidential" information not embodied in written materials, documents, or tangible items will remain subject to this Stipulation, and Court's Order thereon. For purposes of this paragraph, "conclusion of this action" shall mean, as to any party, the dismissal of that party from this action by Order of Court, whether by stipulation, Request for Dismissal, or other proceeding, or final judgment as against that party after expiration of all appellate rights or the time for any such appeal.

In the event that any deposition transcript marked "CONFIDENTIAL – SUBJECT OF PROTECTIVE ORDER" contains information or materials deemed confidential by more than one party, the transcript shall be returned to the party first making request for return of same.

1      17.    <u>Subpoenaed Material.</u>  If at any time Confidential Material in a party's possession is subpoenaed or otherwise compelled, that party (the "Subpoenaed Party") shall immediately provide written notice to the Producing Party, and the Producing Party shall thereafter bear the responsibility for obtaining any order that it believes necessary to prevent disclosure of the Confidential Material.  If the Producing Party does not file a motion seeking to protect the Confidential Material from disclosure, the Subpoenaed Party shall be free to produce the Confidential Material within fourteen (14) days of the written notice to the Producing Party.

18.    <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make amendments, modifications, deletions, and additions to the Order approving this Stipulation as the Court from time to time considers appropriate.  The provisions of this Stipulation, and Court's Order thereon, regarding the use or disclosure of information designated as "Confidential" information or material will survive the termination of this action, and the Court will retain jurisdiction with respect to this Stipulation, and Court's Order thereon.

18.    <u>Notices</u>.  Any of the notice requirements in this Stipulation and the Court's Order entered thereon may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

19.    <u>Amendments</u>.  The parties may amend this Stipulation, Court's Order thereon, in writing and may seek to have the amendments entered by the Court as part of its Order.

20.    <u>Interpretation</u>.  This Stipulation has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulation.  Accordingly, none of the parties hereto shall be entitled to have any provisions of the Stipulation construed against any of the other parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of contra proferentem, that would require interpretation of any ambiguities in this Stipulation against the party that has drafted it.  The provisions of this Stipulation shall be interpreted in a reasonable manner to effect the purposes of the parties hereto and this Stipulation.

21.    <u>Binding on all Parties/Extension to Non-Parties</u>.  This Stipulation, upon entry as an Order of the Court, shall bind the parties represented by the undersigned counsel, the parties'

agents, officers, directors, employees, and representatives who receive notice of this Stipulation, and Court's Order thereon, and all other parties who appear in this case during the course of this litigation. If non-parties produce documents and desire to have them produced under the terms of the Court's Order, the parties agree to meet and confer and, if unable to agree, the non-parties may seek amendment to the Order by motion.

Respectfully submitted this 20th day of November, 2012.

MARTIN & BONNETT, P.L.L.C.

By: _____
SUSAN MARTIN (*Pro Hac Vice*)
JENNIFER KROLL (*Pro Hac Vice*)
1850 N. Central Ave. Suite 2010
Phoenix, AZ 85004

KATHLEEN J. ENGLAND
ENGLAND LAW OFFICE
630 South Third Street
Las Vegas, NV 89101

MICHAEL D. LORE (*Pro Hac Vice*)
MICAHEL D. LORE P.C.
8 Greenway Plaza, Suite 1500
Houston, TX 77046

Attorneys for Plaintiff

GORDON & REES LLP

By: _____
Joseph P. Hardy
Kathleen M. Paustian
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

Attorneys for Defendants

**ORDER**

IT IS SO ORDERED this 21st day of November, 2012

_____
George Foley Jr.
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE AND STIPULATION**

_____ declares that:

I reside at _____, in the City of _____, County of _____, State of _____.

I have read the Stipulated Confidentiality Order of record in *Donald Allbaugh v. California Ironworkers Field Pension Trust, and Board of Trustees of the California Ironworkers Field Pension Trust, Plan Administrator of the California Ironworkers Field Pension Trust* pending in the United States District Court for the District of Nevada.

I fully understand and agree to comply with and be bound by the provisions of the Stipulated Confidentiality Order and hereby submit myself to the jurisdiction of the United States District Court for the District of Nevada, for the purposes of enforcement of the Stipulated Confidentiality Order.

I will keep in confidence, and will not divulge to anyone, other than those permitted to have access under the terms of the Stipulated Confidentiality Order, copy, or use, except solely for the purposes of that action, any documents, testimony, or other information designated as Confidential pursuant to the Stipulated Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____  _____
Signature                                  Date                        Printed Name and Title

CG/1079210/13970791v.2

- 13 -