1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF NEVADA**
8
9   DONALD ALLBAUGH, on behalf of himself and all
10  others similarly situated,                              Case No. 2:12-cv-00561-JAD-GWF
                    Plaintiff,
11
                                                        **Order GRANTING Plaintiff's Motion**
12             v.                                        **to Amend [Doc. 37], DENYING**
                                                        **Defendant's Countermotion to Strike**
13  CALIFORNIA FIELD IRONWORKERS PENSION                **[Doc. 42], and DENYING Plaintiff's**
    TRUST et. al.,                                      **Motion to Strike [Doc. 57].**
14
                    Defendants.
15

16        This is a proposed class action under the Employee Retirement Income Security Act

17  ("ERISA") for alleged miscalculation and failed payment of pension benefits.  Plaintiff Donald

18  Allbaugh asserts he is entitled to greater pension benefits than he is currently receiving to account for

19  deferred benefits accumulated while he continued working after reaching retirement age. In his

20  original complaint, Plaintiff also included a claim in his individual capacity that the Plan

21  Administrator had miscalculated the amount of benefits owed to Plaintiff  under the terms of the

22  retirement plan (the "Plan").  Plaintiff avers that discovery has revealed that the Plan Administrator

23  systematically violated the terms of the Plan in calculating the benefits for not just him but all

24  similarly situated retirees.  He now requests leave to amend his complaint to expand the

25  miscalculation allegations to the class.[1]

26  _____

27      [1] Doc. 37.

28                              Page 1 of 14

1    In addition to his motion to amend, Plaintiff moves for certification of the class, including

2  with that motion a declaration of his counsel attesting to supporting facts.[2]  Defendant's response to

3  the motion for class certification includes a countermotion to strike the declaration of Plaintiff's

4  attorney for lack of foundation.  Plaintiff moves to strike Defendant's attorney's declaration attached

5  to the Reply in support of the countermotion, arguing that the declaration asserts new arguments not

6  included in the countermotion itself.

7    Because the motion to amend was not filed with undue delay or bad faith, will not prejudice

8  Defendant, and is not futile, the Court grants leave to amend. The Court will address the class

9  certification motion by separate order,[3] but herein denies the motions to strike as procedurally

10  improper and also denies the parties' dueling requests to disregard the declarations of their

11  adversaries' counsel.

12                                  **Background[4]**

13    From 1970 and continuing at various time through June 30, 2009, Allbaugh worked for

14  employers who had contracts with the International Association of Bridge, Structural, Ornamental

15  and Reinforcing Iron Workers.  Those contracts required the employers to make contributions on

16  behalf of employed ironworkers to Defendant California Field Ironworkers Pension Trust (the

17  "Plan"), a multiemployer defined benefit employee pension benefit plan.  As a result of his

18  employment and the required employer contributions, Plaintiff obtained a vested right to pension

19  benefit payments upon turning sixty-five (normal retirement age).  But rather than retiring at sixty-

20  five, he continued working for an additional two years.

21    Under its terms, the Plan withheld benefit payments to Plaintiff during his continued

22  employment after reaching normal retirement age.  However, when Plaintiff actually retired, he was

23  only awarded pension credit for his extra years of service, not an actuarial increased benefit payment

24

25    [2] Doc. 38.

26    [3] A hearing on this motion is scheduled for May 29, 2014. Doc. 69.

27    [4] This section is intended for context only and shall not be construed as any finding of fact.

28                          Page 2 of 14

1  to account for the withheld benefits.  Plaintiff argued that he was entitled to more benefits under the

2  Plan and appealed the Plan's determination through the review process provided under the Plan.

3  When the Plan's determination was upheld, Plaintiff brought this lawsuit on behalf of himself and all

4  others similarly situated.  He seeks an actuarial adjustment to future benefit payments to recoup the

5  benefits withheld during the time between reaching normal retirement age and actual retirement.

6       Plaintiff's Complaint contains four counts pertinent to the class and to this motion.[5] First,

7  Plaintiff alleges that Defendant improperly suspended benefit payments during his and the class's

8  continued employment because it failed to provide the notice of suspension required under ERISA

9  and corresponding regulations. Second, Plaintiff alleges that a prior version of the Plan provided for

10 both pension credit and an actuarial increase to compensate for continued employment after normal

11 retirement age; under the Plan as amended, however, a delayed retiree is only entitled to the greater

12 of these two amounts.  Plaintiff argues that the application of the Plan as amended to determine his

13 benefits improperly reduced the amount of his retirement benefits. Third, Plaintiff alleges that

14 Defendant violated its fiduciary duties by amending the Plan and by providing false information to

15 Plaintiff. Fourth, Plaintiff alleges that Defendant miscalculated the actuarial adjustment to which

16 Plaintiff was entitled and, consequently, did not award the greater of the pension credit earned or the

17 actuarial adjustment in accordance with the Plan as amended.  By his motion to amend, Plaintiff

18 seeks to extend the fourth claim to the class.  The parties also move to strike attorney declarations

19 submitted in support of their respective class-certification filings.  Docs. 42, 57.  Having considered

20 the proposed amended complaint and the parties' submissions, the Court grants leave to amend but

21 denies both motions to strike for the reasons set forth below.[6]

22

23

24

25

26 [5] Plaintiff also included an individual claim against the Plan for failing to respond to his requests for documentation. This claim is not addressed in the motion or Defendant's opposition.

27 [6] The Court finds these motions appropriate for disposition without oral argument.  L.R. 78-2.

28

**Discussion**

**A.     Motion to Amend**

Once the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of court or with the adverse party's written consent.[7]  The court has discretion to grant leave and should freely do so "when justice so requires."[8]  "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."[9]  "Generally, this determination should be performed with all inferences in favor of granting the motion."[10]  Nonetheless, "leave to amend is not to be granted automatically."[11]  Courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile.[12]

Defendant opposes amendment, contending that the request was unduly delayed and prejudices Defendant by expanding the scope of litigation months after the filing of the original complaint.  Defendant also contends that the proposed amendment is unsupported by evidence and suffers from legal deficiencies that render any attempt to amend futile.  The Court disagrees on both points.

**1.     The Motion to Amend is Timely**

Although the request for leave to amend was filed nearly a year after the original filing, it is

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

[9] *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotations removed).

[10] *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

[11] *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

[12] *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

1  still timely because the information precipitating amendment was obtained in the process of

2  discovery and Plaintiff brought the motion before the expiration of the stipulated deadline for

3  amendments set by the pretrial order. In his motion, Plaintiff explains that the systematic

4  miscalculation of the entire class's benefits was only discovered after reviewing benefit files for the

5  proposed class. These documents, which Defendant admits total more than 10,000 pages, were only

6  made available to Plaintiff in December 2012. Plaintiff's motion was filed on April 11, 2013, one

7  month before the stipulated deadline.

8  　　　Defendant nonetheless argues that the four-month delay is improper and any amendment

9  should have been sought as soon as a discernable pattern was observed within the documents.

10  Defendant also contends that undue delay is evidenced by the Plaintiff's representations in January

11  2013 that he expected to move for class certification "within the next month."[13]  However,

12  Defendant offers no evidence that Plaintiff identified, or should have identified, a discernable pattern

13  shortly after receiving the documents.  It is reasonable to infer that the delay in seeking class

14  certification after Plaintiff's representation was due to his investigation of whether the

15  miscalculation allegations should be expanded to the class.  The Court finds that, under the facts

16  presented, four months was a reasonable time to investigate the discovery materials, ensure that any

17  observable pattern gave rise to a claim for the entire class, and move for amendment. Thus, there is

18  no evidence of undue delay or bad faith.

19  　　　Additionally, although the amendment does expand the scope of the complaint, because the

20  amendment was sought within the agreed upon time, the Court does not find the amendment would

21  prejudice Defendant. Defendant properly notes that "'when justice so requires' necessarily implies

22  justice to both parties,"[14] however, a party is hard-pressed to claim injustice when, as here, the

23  amendment is sought within the agreed-upon deadline. Moreover, this is not a case where the

24  plaintiff proposes an entirely new theory from those contained in the original complaint. Defendant

25

26  [13] Doc. 36.

27  [14] *McDonnell v. Dean Witter Reynolds, Inc.*, 620 F.Supp. 152, 156 (D.Conn. 1985) (quoting *Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp.*, 455 F.Supp. 211, 215 (S.D.N.Y. 1978)).

28

1  should not be blind-sided by the expansion of the already-existing individual claim to the class

2  because the substance of the claim remains unchanged.  Thus, the Court finds that the amendment

3  would not prejudice Defendant.

4         **2.       The Proposed Amended Complaint is Legally Sufficient**.

5         Aside from the timeliness objections, Defendant contends that the amendment is not

6  supported by evidence, and thus should not be allowed.  Defendant additionally argues that the

7  proposed amendment would be futile because it lacks allegations that class members exhausted their

8  remedies under the Plan, a necessary element of an ERISA claim. Finally, Defendant contends that,

9  generally, the allegations of the proposed amendment are insufficient to state a claim upon which

10 relief may be granted.  Defendant's arguments rely on a restrictive view of amendment that

11 contradicts the liberal standard the Court is bound to apply. The Court finds that the proposed

12 amendment is also substantively sound, especially considering the liberal standard.

13         ***a.       There is no requirement to prove the allegations of a proposed amendment***.

14        As to Defendant's first argument, there is no requirement that a plaintiff offer evidence to

15 prove the allegations of the proposed amendment before leave can be granted.  Indeed, at this stage

16 of pleading, the amendment is only futile if, taking its allegations as true, the complaint does not

17 state a plausible claim.[15]  Thus, Defendant's various arguments that Plaintiff lacks the necessary

18 evidence to support his claims are irrelevant as the allegations are presumed true for purposes of this

19 motion.  Although Defendant is free to defend the case on the theory that Plaintiff ultimately lacks

20 the evidence necessary to prove his claims, that argument is ineffective to preclude amendment.[16]

21

22

23        [15] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (noting sufficiency of
   proposed amendment subject to Rule 12(b)(6) test, but applying *Conley's* "no set of facts" standard);
24 *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007).

25        [16] Defendant cites *Greene v. Exec. Coach & Carriage*, No. 2:09-cv-466-GMN-RJJ, 2011 WL
   3859578 (D. Nev. Aug. 31, 2011), in support of its argument that amendment requires supporting
26 evidence.  However, *Greene* discusses amendment under Rule 16(b)'s "good cause" standard—the
   standard applicable *after* the pretrial scheduling order deadline has passed—not the more liberal Rule
27 15 standard relevant here. *Id.* at *1-2.

28                              Page 6 of 14

1

2
### b.      The proposed class is not required to individually demonstrate personal exhaustion.

3      Plaintiff's second argument relating to the class's exhaustion also fails because the proposed

4   class can rely on Plaintiff's exhaustion to establish the futility of their personal exhaustion.  Although

5   not required of every claim arising under ERISA, when a plaintiff alleges that a plan failed to comply

6   with its contractual terms in paying benefits, courts require exhaustion of the plan's dispute-resolution

7   and decision-review provisions before a claim can be brought in federal court.[17]  As there is no

8   *statutory* exhaustion requirement, the enforcement of the exhaustion requirement rests in the

9   discretion of the court but "as a matter of sound policy [the court] should usually do so."[18]

10  Nonetheless, this requirement is set aside when the plaintiff can establish that pursuing remedies

11  under the plan would be futile.[19]  A plaintiff can also establish futility of exhaustion by pointing to a

12  similarly situated plaintiff who pursued the remedies under the plan to no avail.  In this manner a

13  plaintiff may obviate the need to show personal exhaustion.[20]

14      Because Plaintiff alleges that he pursued the remedies provided under the Plan, the absence of

15  allegations on behalf of the class is inconsequential. The class members can rely on Plaintiff's failed

16  attempt to rectify the miscalculation to establish that their attempt to correct the miscalculation would

17  similarly have been in vain.  In this manner, the class members do not need to each establish personal

18  exhaustion and, accordingly, the Proposed Amended Complaint is not deficient for failing to include

19  such allegations.  Amendment is thus not futile.[21]

20

21
        [17] *See, e.g. Amato v. Bernard*, 618 F.2d 559, 567-68 (9th Cir. 1980).
22
        [18] *Id.* at 568.
23
        [19] *Id.* at 568-69.
24
        [20] *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 919 (C.D. Cal.
25  2012).

26      [21] This finding, however, is not intended as an opinion regarding whether the lack of exhaustion
    by the class affects the commonality or typicality analysis under Fed. R. Civ. P. 23(a) and shall not be
27  so construed.

28

1

2

      ***c.     The proposed amended complaint sufficiently states claims upon which relief may be granted.***

3          Finally, Defendant argues that amendment would be futile because the allegations in the

4 Proposed Amended Complaint suffer from legal deficiencies and fail to state a claim upon which

5 relief may be granted. This argument is not specific to Plaintiff's proposed amendments, but rather

6 challenges the sufficiency of Plaintiff's claims generally, including Plaintiff's individual

7 miscalculation claim and claims unaffected by the proposed amendments.  Consequently, Defendant's

8 final argument is more accurately an untimely motion to dismiss.[22]  Nonetheless, in the interest of

9 judicial efficiency, the Court addresses Defendant's arguments and determines that the allegations

10 contained in the Proposed Amended Complaint are sufficient to state a claim.

11          ***i.     Plaintiff's claims for violations of ERISA and the Plan***

12          Defendant first argues that Plaintiff and the proposed class cannot sustain a claim for

13 violations of ERISA and the Plan based on the suspension of benefits during their continued

14 employment after reaching normal retirement age because ERISA and the Plan provide for such

15 suspensions. The general rule under ERISA is that an employee cannot forfeit his rights to retirement

16 benefits once the participant reaches normal retirement age under the retirement plan.[23]  This general

17 rule allows for deferral of payments, whereby a Plan may require employees to submit an application

18 before any benefit payments are made, so long as any deferred payment is accounted for by either a

19 lump sum payment of the deferred benefits or an actuarial adjustment to future pension payments.[24]

20 Nonetheless, when a Plan defers benefit payments with no corresponding lump sum payment or

21 actuarial adjustment, the Plan is deemed to have impermissibly decreased the value of an employee's

22

23

24

25      [22] *See* Fed. R. Civ. P. 12(b). Even if the Court agreed with Defendant and denied amendment, the deficiencies would nonetheless remain in the Complaint.

26      [23] 29 U.S.C. § 1053(a).

27      [24] *See* 29 U.S.C. § 1054(c)(3).

28

1  benefits in violation of ERISA.[25]

2       ERISA § 203(a)(3)(B) provides a limited exception to this rule when an employee covered by

3  a multiemployer plan remains employed after reaching normal retirement age "in the same industry,

4  in the same trade or craft, and the same geographic area covered by the plan, as when [ ] benefits

5  commenced."[26]  Under those circumstances, an employer may withhold payment of an employee's

6  benefits until the employee actually retires or obtains new employment not covered by the

7  exception.[27]  Nonetheless, a Department of Labor ("DOL") regulation prescribes that "no payment

8  shall be withheld . . . unless the plan notifies the employee by personal delivery or first class mail

9  during the first calendar month or payroll period in which the plan withholds payments that his

10  benefits are suspended"[28] and further requires the notice to state the specific reason why benefits are

11  suspended, provide the relevant plan provisions under which benefits are suspended, and inform the

12  employee both of where the DOL's regulations may be found and the plan's procedure for affording

13  review of determinations.[29]

14       Plaintiff does not dispute that he remained employed in the same industry, trade, and

15  geographic region such that he would fall within § 203(a)(3)(B); he instead contends that Defendant

16  violated the terms of ERISA by failing to provide notice in compliance with the DOL regulation

17  before suspending his and the class's benefits during the time between reaching normal retirement age

18  and the date of actual retirement.  Under Plaintiff's construction, because Defendant failed to comply

19  with the notice provision, the 203(a)(3)(B) exception was never triggered.  Plaintiff concludes that

20  suspension of benefits without providing notice violates ERISA, and he and the proposed class are

21

22
    [25] *See Contilli v. Local 705 Int'l Brotherhood of Teamsters Pension Fund, et al.*, 559 F.3d 720,
23  722 (7th Cir. 2009)

24      [26] 29 U.S.C. § 1053(a)(3)(B).

25      [27] *See id.*; 29 C.F.R. § 2530.203-3(b)(1); *Contilli*, 559 F.3d at 722.

26      [28] 29 C.F.R. § 2530.203-3(b)(4).

27      [29] *Id.*

28

1  entitled to an actuarial adjustment to their pension payments to recoup the benefits unlawfully

2  withheld during the period of their continued employment.

3       But the DOL has clarified that the notice provision "affects only the plan's right to begin

4  withholding payment—it does not affect the plan's entitlement to ultimately withhold or recoup all

5  payments which it is entitled to withhold under § 2530.203-3."[30]  Consequently, lack of notice does

6  not give rise to a substantive claim for withheld benefits under ERISA because the employer is

7  ultimately entitled to withhold those benefits under section 203(a)(3)(B).[31]  And although "a retiree

8  will not be deemed to be employed in section 203(a)(3)(B) service until the plan has complied with

9  the notice requirements," this is the "solely for purposes of a plan's entitlement to commence the

10  withholding of benefits."[32]  Indeed, an employer can still recoup any payments it was entitled to

11  withhold under section 203(a)(3)(B) even if notice is delayed.[33]  Thus, contrary to Plaintiff's theory, he

12  and the proposed class are not entitled to an actuarial adjustment to account for withheld benefits

13  while still employed even though notice was not provided.[34]

14       This conclusion is not fatal to the leave request, however.  Although suspending benefit

15  payments without notice does not entitle a plaintiff to the withheld benefits, improperly commencing

16  withholdings may still give rise to other damages. Indeed, the DOL regulations make clear that the

17  notice provisions are for the benefit of the employee and each specified piece of information must be

18

19

20  [30] Rules and Regulations for Minimum Standards for Employee Benefit Plans; Suspension of Benefit Rules, 46 Fed. Reg. 8894-01, 8901 (Jan. 17, 1981) (to be codified at 29 C.F.R. § 2530.203-3).

21  [31] *See Canada v. Am. Airlines, Inc. Pilot Retirement Ben. Program*, No. 3:09-0127, 2010 WL 4877280 at *15-16 (M.D. Tenn. Aug. 10, 2010).

22

23  [32] 46 Fed. Reg. at 8901.

24  [33] *Id.*

25  [34] *See, e.g.*, *Dennis v. Board of Trustees of the Food Employers Labor Relations*, 620 F. Supp. 572, 576 (M.D. Pa. 1985). Plaintiff also argues that the failure to provide notice is a violation of the Plan as the DOL's notice requirement is incorporated into the terms of the Plan.  However, courts have

26  similarly held that an award of suspended benefits is an improper remedy for violations of notice provisions under a benefits plan absent some showing of detrimental reliance. *See Monks v. Keystone*

27  *Powdered Metal Co.*, 78 F. Supp. 2d 647, 665-70 (E.D. Mich. 2000);.

28                                          Page 10 of 14

1  delivered to the retiree.[35] Additionally, the Proposed Amended Complaint references other damages

2  separate from withheld benefits.  Thus, although no substantive claim for benefits is available to

3  Plaintiff and the proposed class, they may still be entitled to consequential or equitable damages—if

4  they can prove those damages—for Defendant's unauthorized commencement of withholding benefit

5  payments.[36]  Thus, considering the liberal standard for amendment, the Court finds Plaintiff's

6  allegations are sufficient to state a plausible claim, and amendment would not be futile.

7            *ii.       Plaintiff's ERISA breach of fiduciary duty claim*

8        Defendant's second merit-based argument concerns Plaintiff's claim for breach of fiduciary

9  duty—a claim similarly unaffected by the proposed amendment.  Defendant contends that a plaintiff

10 may not assert a claim for breach of fiduciary duty against a plan administrator in an individual

11 capacity because "a fiduciary's duty under ERISA runs to the plan as a whole and not the individual

12 beneficiary."[37] Defendant concludes that because Plaintiff and the proposed class seek "recovery on

13 their own behalf, rather than on behalf of the plan as a whole" they lack standing to assert a claim for

14 breach of fiduciary duty.[38]  The Supreme Court, however, recognized in *Varity Corp. v. Howe*  that

15 Congress provided remedies in ERISA for individual beneficiaries harmed by breaches of fiduciary

16 duty.[39]  Since the *Varity* ruling, the Ninth Circuit has consistently allowed individual claims arising

17 under ERISA for breach of fiduciary duty.[40]  Consequently, the claim is legally cognizable and

18 amendment would not be futile.

19

20

21

    [35] 46 Fed. Reg. at 8901-02.

22

    [36] *See* 29 U.S.C. § 1132(a)(3); *Monks*, 78 F. Supp. 2d at 670.

23

    [37] *Williams v. Caterpillar*, 944 F.2d 658, 665 (9th Cir. 1991).

24

    [38] *Marx v. Loral Corp.*, 87 F.3d 1049, 1054-55 (9th Cir. 1996), *overruled on other grounds by*

25 *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

26     [39] *Varity Corp. v. Howe*, 516 U.S. 489, 506-07 (1996).

27     [40] *See, e.g.*, *Chappel v. Laboratory Corp. of Am.*, 232 F.3d 719, 726-27 (9th Cir. 2000).

28

1            *iii.*       *Plaintiff's claim under ERISA's catchall provision*

2        Defendant's final merit-based argument is that Plaintiff may not bring a claim arising under

3  ERISA § 502(a)(3)[41] for equitable remedies concurrent with a claim arising under ERISA §

4  502(a)(1)(B)[42] for enforcement of the plan terms. ERISA § 502(a)(3) is a "'catchall' provision" that

5  acts as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502

6  does not elsewhere adequately remedy."[43]  Consequently, equitable relief under § 502(a)(3) is

7  unavailable when plaintiff's claim is covered by a discrete ERISA provision.[44] Nonetheless, at the

8  pleading stage, a plaintiff may advance multiple, alternative, and even contradictory theories of

9  liability against a defendant.[45]  In other words, Plaintiff is allowed to plead a § 502(a)(3) claim in the

10  event § 502(a)(1)(B) is ultimately determined not to provide an adequate remedy for the alleged

11  violations.  Thus, although it may ultimately be determined that Plaintiff's claim is properly asserted

12  under § 502(a)(1)(B), precluding recovery under § 502(a)(3), the § 502(a)(3) claim may be

13  maintained at this stage of the litigation.

14        Therefore, because the request to amend is not made with undue delay, made in bad faith,

15  would prejudice Defendant, or would be futile, amendment is permissible.  The Court determines that

16  justice requires Plaintiff be allowed to add the class to the allegations of miscalculation and grants the

17  motion to amend.

18

19

20

---

21      [41] 29 U.S.C. § 1132(a)(3).

22      [42] 29 U.S.C. § 1132(a)(1)(B).

23      [43] *Varity*, 516 U.S. at 512.

24      [44] *Ford v. MCI Commc'n Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005)
    *overruled in part on other grounds by Cyr v. Reliance Std. Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir.
25      2011); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (holding that equitable
    relief under § 502(a)(3) is not available where plaintiffs have received a damages award under §
26      502(a)(1)).

27      [45] *See* Fed. R. Civ. P. 8(d)(2), (3).

28

**B.      Motions to Strike**

Next, the Court addresses both parties competing motions to "strike" the others' attorney's declarations in support of the class certification papers. Docs. 42, 57.  Civil Rule of Procedure 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[46] Rule 7(a) identifies pleadings to include only the complaint, answer, and reply—not motions and other papers.[47]  Thus, a motion to strike is limited to pleadings.[48]  There is no provision in the Federal Rules of Civil Procedure for motions to strike another motion or memoranda;[49] a motion to strike matters that are not part of the pleadings may be regarded as an invitation by the movant to consider whether the Court may rely on the proffered material.[50]

Neither Plaintiff nor Defendant seeks to strike matter contained in a pleading; what the parties seek to accomplish is to challenge the validity of proffered material and argue that the Court should not rely on such material in its determination of the motion to certify. By its countermotion, Defendant contends that the declaration of Jennifer Kroll, Plaintiff's attorney, should not be considered by the Court in ruling on the motion to certify.  Defendant argues that an attorney's arguments are not evidence and Ms. Kroll lacks personal knowledge of the facts to which she attests. Defendant concludes that Ms. Kroll's declaration cannot be used to establish the requirements for certification under Fed. R. Civ. P. 23.

Although counsel's legal conclusions are not evidence, the proper remedy is not to disregard Ms. Kroll's declaration wholesale.  The Court has sufficient experience ignoring the legal conclusions of counsel and not treating those conclusions as established facts.  Ms. Kroll does have personal

---

[46] Fed. R. Civ. Proc. 12(f).

[47] *See* Fed. R. Civ. Pro. 7(a).

[48] *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E.D. Cal. 1999) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

[49] *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 203 (D.N.M. 2005) (internal citation omitted).

[50] *Crisp*, 190 F.R.D. at 550–51 (internal citations omitted).

knowledge of the content of the documents produced by Defendants, and her representation that notices have not been produced in discovery is more efficient than filing and asking the Court to cull through 7,700 pages of discovery documents to demonstrate that same point.  Plus, evidence considered for purposes of certification does not need to be admissible.[51]  Thus, although the Court does not express any opinion at this time regarding the *sufficiency* of this evidence for purposes of Rule 23, the Court denies Defendant's request to disregard Ms. Kroll's declaration in its entirety.  And, having denied Defendant's request to disregard Ms. Kroll's declaration, the Court finds Plaintiff's request to disregard Defendant's counsel's declaration in support of the countermotion moot.  Accordingly, the Court denies both parties' requests to strike these documents.

## Conclusion

Accordingly, and with good cause appearing,

It is hereby ORDERED that Plaintiff's Motion to Amend **[Doc. 37] is GRANTED**.

It is further ORDERED that Defendant's Countermotion to Strike **[Doc. 42] is DENIED**.

It is further ORDERED that Plaintiff's Motion to Strike [**Doc. 57] is DENIED**.

DATED May 20, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[51] *See, e.g.*, *Bell v. Addus Healthcare, Inc.*, No. C06-5188RJB, 2007 WL 3012507, at *2 (W.D. Wash. Oct. 12, 2007).