# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD ALLBAUGH, on behalf of himself )
and all others similarly situated, )
                                        Plaintiff, )    Case No. 2:12-cv-00561-JAD-GWF
vs. )    **ORDER**
CALIFORNIA FIELD IRONWORKERS PENSION )
TRUST, *et al.*, )
                                        Defendants. )

This matter is before the Court on Defendants' Motion to File Documents Under Seal in Support of its Opposition to Plaintiff's Motion for Summary Judgment (#156), filed on December 21, 2015. Also before the Court is Plaintiff's Notice of Motion and Motion for Leave to File Documents at Tabs 31, 33 & Portion of Tab 36 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment Under Seal (#162), filed on December 21, 2015.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.* The court found that:

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation omitted). This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record. Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

Defendants' Motion (#156) represents that the Declaration of Leanne Vance and Declaration of Zoe S. Moskowitz, attached as Exhibit 1 and Exhibit 2, respectively, to its Opposition to Plaintiff's Motion for Summary Judgment, have been designated "Confidential" pursuant to the terms of the Stipulated Confidentiality Order (#25) entered in this case, and thus should be filed under seal. Defendants assert that these documents contain "information from a participant's pension file and notices prepared in the course of scope of management of the pension trust related to the changes made to the pension plan." *Motion to File Documents Under Seal* (#156). The Court finds that this is not a "compelling reason" that would justify an order sealing the requested documents.

Plaintiff's Motion (#162) represents that documents at Tab 31, Tab 33, and a portion of Tab 36 have been deemed "Confidential" pursuant to the terms of the Stipulated Confidentiality Order

(#25), and accordingly should be filed under seal. Plaintiff failed to provide the Court with any "compelling reason" why these documents should be filed under seal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to File Documents Under Seal in Support of its Opposition to Plaintiff's Motion for Summary Judgment (#156) is **denied** without prejudice. Defendants may file a supplemental motion that complies with the *Kamakana* standard.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Motion and Motion for Leave to File Documents at Tabs 31, 33 & Portion of Tab 36 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment Under Seal (#162) is **denied** without prejudice. Plaintiff may file a supplemental motion that complies with the *Kamakana* standard.

DATED this 23rd day of December, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge