UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ALLBAUGH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA FIELD IRONWORKERS PENSION TRUST; BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS PENSION TRUST, PLAN ADMINISTRATOR OF THE CALIFORNIA FIELD IRONWORKERS PENSION TRUST,<br><br>Defendants. | CASE NO. 2:12-CV-00561-JAD-GWF<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>ECF Nos. 232, 234 |

THIS MATTER HAVING COME before the Court for hearing on Final Approval of the Settlement pursuant to the Court's Order entered April 13, 2018, (ECF No. 229), now upon application of the parties for approval of the Class Action Settlement ("Settlement") set forth in the Settlement Agreement ("Agreement"), and due and adequate notice having been given to the members of the Classes as required in the Preliminary Approval Order and the Court having considered all papers filed and proceedings had herein, including the Final Approval Hearing held on June 25, 2018 to determine the fairness of the Settlement and Plaintiff's Motion for Attorneys' Fees and Costs and for a Case Contribution Award, (ECF No. 232), and otherwise being fully

informed in the premises and for good cause appearing therefore, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the members of the Classes and further finds that Plaintiff's application for attorneys' fees and costs and for a Case Contribution Award is fair and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment approving the Agreement incorporates by reference the definitions in the Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all members of the Classes.

3. After consideration of the evidence, the Court further finds that the mailing of the Class Notice constituted the best notice practicable under the circumstances, and that such individual notice to all members of the Classes constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of the members of the Classes, directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Agreement.

5.   Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement. ECF No. 231.

6.   The Court hereby approves the following findings of fact:

   A. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the Action, the Parties have exchanged tens of thousands of pages of documents and electronic data. Throughout the Action, Class Counsel has worked with an actuarial expert to determine damages and has information on which to make an informed decision about the Settlement. The Parties also filed cross motions for summary judgment and were preparing from trial at the time of the Settlement.

   B. Class Counsel and Class Counsel's actuary worked diligently and reasonably to create the Plan of Allocation, which was submitted to this Court and served on Defendants on March 30, 2018 as revised on May 24, 2018. The Plan of Allocation is fair, reasonable and equitable.

   C. The Settlement provides for a Settlement Fund including Settlement Benefits and Class Counsel's Fee Award and Case Contribution Award, in an aggregate value of $15,400,000 together with other valuable relief including revised suspension of benefit procedures. After adjustment for the Fee Award and Case Contribution Award, all of the Settlement Fund will be paid to Class members and their

eligible beneficiaries as set forth in the Agreement and Plan of Allocation.

D. The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk of maintaining class action status and the risks that there could eventually be no monetary recovery for members of the Classes and that any recovery could take a substantial amount of time for the participant Class members, all of whom are past normal retirement age.

E. The Settlement is fair, reasonable and in the best interests of the members of the Classes particularly given the complex issues in the Action, the risks to Class members and the further delay that would be entailed in continued litigation, including a forthcoming trial, and the subsequent appeal of any judgment after such trial.

F. Considering the foregoing factual findings and the rulings to date and considering the uncertainty of maintaining class action status for Class 2 and the difficulty of obtaining certification of Class 1, the possibility of trial and appeal and the expected duration of litigation, the amount offered in the Settlement is highly favorable.

G. Class Counsel has extensive experience in ERISA litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiff and the Settlement Class. Class Counsel's opinion urging approval of the Settlement merits great weight both because of

Class Counsel's familiarity with the Action and because of their extensive experience in similar actions.

H. The Settlement is the result of an extensive arm's length adversarial negotiation and mediation process. The parties engaged in mediation with Daniel Feinberg, a nationally recognized and highly experienced attorney and mediator with substantial ERISA complex class action knowledge.

I. All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, including the Plan of Allocation to ensure a fair, adequate and equitable distribution of the Settlement Fund.

J. The Fee Award, to be deducted from the Settlement Amount, represents attorney's fees and costs reasonably expended in prosecuting the Action. As set forth in Plaintiff's Motion for Attorneys' Fees and Costs and supporting documentation, (ECF No. 232_), Class Counsel's Fee Application, which consisted of a request for an amount for attorney's fees of $5,133,333.33 , $320,000 in reimbursed costs, and the Case Contribution Award of $50,000 is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit.

7. The terms and provisions of the Settlement as embodied by the Parties' Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the members of the Classes, and in full compliance with all applicable requirements of the Federal Rules of Civil

Procedure and the Rules of this Court and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Agreement and this Order and Final Judgment.

8. The Plan of Allocation is hereby approved as fair and reasonable. The distribution to Settlement Class members as set forth in the Plan of Allocation is final and non-appealable. As set forth in the Agreement, Defendants shall take all reasonable and diligent steps to pay all eligible Settlement Class members by the Initial Payment Date in accordance with the terms of the Agreement.

9. The Parties shall not be liable to any person for any determinations made by Class Counsel on the Plan of Allocation or for any mistakes, incorrect or incomplete data relied upon by Plaintiffs in preparing and producing the Plan of Allocation.

10. Named Plaintiff's request for a Case Contribution Award in the amount of $50,000 is granted, and this amount shall be deducted from the Settlement Fund. Such payment shall be made within fourteen (14) days of the Effective Date as set forth in the Agreement. The Case Contribution Award represents the reasonable value of the services provided by Named Plaintiff to the members of the Classes.

11. Plaintiff's Motion for Attorneys' Fees and Costs **[ECF No. 234] is GRANTED.** . Defendants are hereby ordered to pay Class Counsel's attorneys' fees in the amount of $5,133,333.33, plus $320,000 in reimbursed costs, for a total payment of $5,453,333.33. as attorneys' fees and costs. Such fees and costs shall be paid to Class Counsel within fourteen (14) days of the Effective Date as set forth in the Agreement.

12. Named Plaintiff and each member of the Classes shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally and forever

settled, released, relinquished, waived and discharged from all Released Claims, and (ii) barred from suing Defendants or the Related Parties in any action or proceeding alleging any of the Released Claims.

13. The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating and supervising the interpretation, implementation, and enforcement of the Agreement and any disputed questions of law or fact related thereto as provided in the Agreement.

14. The Action is hereby dismissed with prejudice as to the members of the Classes, without additional cost to any of the Parties other than as provided for in the Agreement and herein.

15. The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a), and CLOSE THIS CASE.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE
DATED: 7.19.18